UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

LATESSA Y. JORDAN,

        Plaintiff,

    v.                                                      21-CV-544-LJV
                                                              ORDER

THE STATE OF NEW YORK,

        Defendant.

_____

On April 23, 2021, the *pro se* plaintiff, Latessa Y. Jordan, filed a complaint alleging personal injury and medical malpractice. Docket Item 1. In an order dated May 10, 2021, this Court found that the complaint did not provide a basis for its subject matter jurisdiction. Docket Item 5. Nevertheless, in light of Jordan's *pro se* status, the Court gave her an "an opportunity to amend her complaint to allege facts supporting a federal-law claim or showing diversity of citizenship between the parties." *Id.* at 7. Jordan was given until August 31, 2021, to do that. Docket Item 9.

Jordan has not yet filed an amended complaint, but she has filed several other motions. On July 12, 2021, Jordan moved for an "immediate order to stop the violations causing" medical malpractice and her "dis[]place[ment]." Docket Item 10. That same day, she moved for her "complaint to be bound over to Suprem[e] Court." Docket Item 11. On July 13, 2021, Jordan moved for a hearing on her motions and for "emergency relief of getting help with housing," Docket Item 12; she also moved for assistance in getting a "medical procedure"—more specifically, getting an "interactive computer program that[']s connected to thought identification" removed, Docket Item 13. The next

day, Jordan moved for an "emergency hearing" and again for her complaint to be transferred to the "Supreme Court of the United States of America."  Docket Item 14.

As explained in some length in this Court's prior order, *see* Docket Item 5, "federal courts are tribunals of limited subject matter jurisdiction," *Wright v. Musanti*, 887 F.3d 577, 584 (2d Cir. 2018), possessing "only that power authorized by Constitution and statute," *Gunn v. Minton*, 568 U.S. 251, 256 (2013).  "Federal subject matter jurisdiction exists only when a 'federal question' is presented under 28 U.S.C. § 1331" ("federal question jurisdiction") or "where the plaintiffs and all defendants are of diverse citizenship and the amount in controversy exceeds $75,000" under 28 U.S.C. § 1332 ("diversity jurisdiction").  *Rene v. Citibank N.A.*, 32 F. Supp. 2d 539, 542 (E.D.N.Y. 1999).  Jordan's complaint alleges state-law claims against the State of New York, *see* Docket Item 1; therefore, at least as written, the complaint does not suggest a basis for either federal question or diversity jurisdiction, *see* Docket Item 5.

Jordan still has not provided a basis for this Court's jurisdiction over her claims. This Court is sympathetic to Jordan's situation, but it has no authority to help her find housing.  And without subject matter jurisdiction, this Court cannot help Jordan with the other relief that she seeks.

This Court also has no authority to transfer Jordan's complaint to the Supreme Court.  As relevant here, the Supreme Court has appellate jurisdiction over "[f]inal judgments . . . rendered by the highest court of a State in which a decision could be had," 28 U.S.C. § 1257(a), as well as over judgments of the federal courts of appeals, *see* U.S. Const. art. III, cl. 2; *Ex parte Republic of Peru*, 318 U.S. 578, 582 (1942).  "The courts of appeals . . . have jurisdiction of appeals from all final decisions of the district

courts of the United States." 28 U.S.C. § 1291.  So before Jordan's case could possibly reach the Supreme Court, she would first need to appeal a *final decision* of this Court to the United States Court of Appeals for the Second Circuit.  At present, there is no final decision in this case.

Because this Court has no authority to issue the relief that Jordan seeks, her motions, Docket Items 10, 11, 12, 13, and 14, are DENIED.  Jordan may amend her complaint, no later than August 31, 2021, to allege facts supporting a federal-law claim or showing diversity of citizenship between the parties.  If Jordan does not amend her complaint correcting the jurisdictional deficiencies noted above and in this Court's prior order, Docket Item 5, her complaint will be dismissed for lack of jurisdiction.  Jordan may appeal that dismissal to the Second Circuit.

If the complaint is dismissed because Jordan does not file an amended complaint correcting the jurisdictional deficiencies, this Court hereby certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and leave to appeal to the Court of Appeals *in forma pauperis* is denied.  *Coppedge v. United States*, 369 U.S. 438 (1962).  Further requests to proceed on appeal *in forma pauperis* should be directed, on motion, to the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated:   July 19, 2021
         Buffalo, New York

    */s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE