UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LATESSA Y. JORDAN,

              Plaintiff,

      v.                                        21-CV-544-LJV
                                                        ORDER
THE STATE OF NEW YORK,

              Defendant.

_____

On April 23, 2021, the *pro se* plaintiff, Latessa Y. Jordan, filed a complaint alleging personal injury and medical malpractice. Docket Item 1. This Court has granted Jordan's motion to proceed *in forma pauperis* (that is, as a person who should have the prepayment of the ordinary filing fee waived because she cannot afford it) and has screened her complaint under 28 U.S.C. § 1915(e)(2). Docket Item 5. In that screening order, this Court found that the complaint did not provide a basis for the Court's subject matter jurisdiction but gave Jordan "an opportunity to amend her complaint to allege facts supporting a federal-law claim or showing diversity of citizenship between the parties." *Id.* at 7.

On July 26, 2021, Jordan filed an amended complaint. Docket Item 21. Jordan also has filed motions for an expedited hearing, the appointment of counsel, and for her case to be transferred to the Supreme Court, Docket Items 19, 21; she has filed two letters as well,[1] Docket Items 20, 22.

_____

[1] Because the motions and letters include additional facts, this Court construes the motions and letters as motions to amend the complaint by attaching the motions and letters as exhibits. *See Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) ("[T]he pleadings of a pro se plaintiff must be read liberally and should be interpreted 'to raise

The Court now screens Jordan's amended complaint under section 1915(e)(2). For the reasons that follow, Jordan's claims are dismissed, and any pending motions are denied as moot.

## DISCUSSION

Section 1915(e)(2) "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). The court shall dismiss a complaint in a civil action "at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2). Generally, the court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639 (citation omitted); *see also Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("A *pro se* complaint is to be read liberally. Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." (quoting *Gomez v. USAA Fed. Sav. Bank,* 171 F.3d 794, 795 (2d Cir. 1999))).

---

the strongest arguments that they could suggest.'") (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). Those motions are granted, and the filings are deemed exhibits to the complaint. Therefore, the factual allegations in those exhibits are considered in this screening order. *See Cortec Industries, Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991) ("[T]he complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.").

But leave to amend pleadings may be denied when any amendment would be "futile." *Cuoco*, 222 F.3d at 112.

## I.     SCREENING THE COMPLAINT

In evaluating the complaint, the court accepts all factual allegations as true and draws all inferences in the plaintiff's favor.  *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999).  "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (alteration in original) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Boykin v. Keycorp*, 521 F.3d 202, 213 (2d Cir. 2008) ("[E]ven after *Twombly*, dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases.").  Although "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure, *see Wynder v. McMahon*, 360 F.3d 73, 76 (2d Cir. 2004).

Jordan has sued the State of New York.  Docket Item 21 at 1.  A liberal reading of the complaint tells the following story.

Jordan is "forced to live in a time befor[e] slavery was abolished."  *Id.* at 6.  Her "family is forced to live in a similar way."  *Id.*  "It's traumatizing, harmful[,] and has caused health problems."  *Id.*  Jordan also has "had a non-consen[s]ual medical procedure that targets [her] nervous system and more."  *Id.*  "A[n] ill[e]gal system is i[n]volved," including "an interactive computer program[] and systemic participation."  *Id.*

"The problems [that Jordan] ha[s] are all caused by the system and the systemic participation[] that results in [Jordan's] not getting any help at all, thus leaving the problems unresolved." *Id.* Jordan wants "the system shut down." *Id.*

"Through the[se] trigger points, . . . [Jordan] has endured cruel [and] unusual punishment[ and] [e]lectric shock[] that involves [her] nervous system[ and] has side effects." Docket Item 19. She is "told no one knows who[] is responsible for this." *Id.*

Jordan is "not able to get help with anything, including when [she] call[s] 911." Docket Item 22. When living at a prior apartment, she called 911 "to report abuse, tres[]passing[,] and theft." *Id.* Jordan has "NYS Office of Victims Service cards," but "[t]o this day[, she] has not been able to rec[ei]ve any services." *Id.* Jordan also has "not been able to contact any government official reg[ar]ding [her] problems." *Id.*

She requests "a court date, criminal charges, [and a] settlement," Docket Item 21 at 4, and she asks that her "complaint . . . go to a higher court," Docket Item 19.

## II.   SUBJECT MATTER JURISDICTION

As explained in some length in this Court's prior order, *see* Docket Item 5, "federal courts are tribunals of limited subject matter jurisdiction," *Wright v. Musanti*, 887 F.3d 577, 584 (2d Cir. 2018), possessing "only that power authorized by Constitution and statute," *Gunn v. Minton*, 568 U.S. 251, 256 (2013). "Federal subject matter jurisdiction exists only when a 'federal question' is presented under 28 U.S.C. § 1331" ("federal question jurisdiction") or "where the plaintiffs and all defendants are of diverse citizenship and the amount in controversy exceeds $75,000" under 28 U.S.C. § 1332 ("diversity jurisdiction"). *Rene v. Citibank N.A.*, 32 F. Supp. 2d 539, 542 (E.D.N.Y.

1999).  Therefore, this Court has subject matter jurisdiction over Jordan's claims only if Jordan has demonstrated federal question or diversity jurisdiction.

The amended complaint does not raise a federal question.  Like the original complaint, it lists the "federal basis" for this Court's jurisdiction as "African American, Woman."  Docket Item 21 at 4.  But as explained in this Court's prior order, "Jordan's race and gender . . . do not give this Court jurisdiction over her claims."  *See* Docket Item 5 at 5.

The Court liberally construes the amended complaint as also raising an Eighth Amendment claim for cruel and unusual punishment.  *See* Docket Item 19.  The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  U.S. Const. amend. VIII.  The Supreme Court has limited the reach of the Eighth Amendment to protect only "those convicted of crimes."  *Ingraham v. Wright*, 430 U.S. 651, 664 (1977); *see also id.* at 671 n.40 ("Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions. . . . [T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law.").  Jordan does not allege that she has been convicted of a crime.  For that reason, she has failed to state an Eighth Amendment claim.

Even reading the complaint as liberally as it can, the Court can discern no other possible federal issue. This Court therefore does not have federal question jurisdiction over Jordan's claims.[2]

Nor does the Court have diversity jurisdiction. Jordan brings state-law claims for personal injury and medical malpractice against the State of New York. Docket Item 21. As explained in this Court's prior order, "[a] suit by a citizen of a state against that same state does not fall into the narrow category of cases over which a federal court has diversity jurisdiction. . . . Because Jordan has sued the state in which she lives, this Court does not have diversity jurisdiction over her claims."[3] Docket Item 5 at 7.

Because this Court does not have federal question or diversity jurisdiction, it does not have subject matter jurisdiction over Jordan's claims. Jordan's claims therefore are dismissed.

"[A] *pro se* litigant . . . should be afforded every reasonable opportunity to demonstrate that [s]he has a valid claim," *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (quoting *Matima v. Celli*, 228 F.3d 68, 81 (2d Cir. 2000)), and Jordan has been

---

[2] Even more basically, Jordan does not allege that the State of New York inflicted cruel and unusual punishment on her. In fact, she says that "no one knows who is responsible for" what has happened to her. Docket Item 19. Her claims against the State of New York fail for that reason as well. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (requiring that a plaintiff show she suffered an injury "fairly traceable to the challenged action of the defendant").

[3] Jordan is advised that she may be eligible for help from the Pro Se Assistance Program, a joint project staffed by the University at Buffalo School of Law and the Erie County Bar Association Volunteer Lawyers Project. The program can be reached by calling 716-847-0662, ext. 340, and leaving a message. Additional information is available at https://www.nywd.uscourts.gov/pro-se-assistance-program-0.

afforded such an opportunity here.  Jordan filed an amended complaint, Docket Item 21,

and that amended complaint still failed to establish jurisdiction.  She also has filed

numerous other motions and letters, none of which have hinted at new facts that would

give this Court jurisdiction.  Moreover, because Jordan's claims are implausible, any

further amendment would be "futile," *see Cuoco*, 222 F.3d at 112; *see also Livingston v.*

*Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (holding that dismissal is

proper where allegations are the "product of delusion or fantasy").

Because Jordan's claims are dismissed, her requests for a hearing, the

appointment of counsel, and for her case to be transferred to the Supreme Court,

Docket Items 19, 21, are denied as moot.  The Clerk of the Court shall close this case.

Jordan may appeal this order to the Second Circuit and is granted leave to appeal as a

poor person.

SO ORDERED.

Dated:      August 2, 2021
            Buffalo, New York

_/s/ Lawrence J. Vilardo_
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE